UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHRIS ZACHARIAS,<br><br>      Plaintiff,<br><br>vs.<br><br>CHEIF WARDEN TERESA,[1] SD State Penitentiary, Individual Capacity; JASON MILLS, West Hall Unit Coordinator, SD State Penitentiary, Individual Capacity; HEALTH SERVICES STAFF, Department of Health/DOC,<br><br>      Defendants. | 4:23-CV-04082-LLP<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Chris Zacharias, an inmate at the South Dakota State Penitentiary, filed a pro se lawsuit under 42 U.S.C. § 1983.[2] Doc. 1. He filed a motion to proceed in forma pauperis and provided his prisoner trust account. Docs. 2 and 3. Zacharias also filed a motion to appoint counsel and a motion to meet in person or for video call. Docs. 4 and 7.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the

---

[1] Zacharias names "Cheif [sic] Warden Teresa" as a defendant to the lawsuit. The Warden's name is Teresa Bittinger. The Court will refer to the Warden by her last name in this opinion.
[2] Zacharias brings the action under 28 U.S.C. § 1915. Doc. 1 at 1. But the Court will consider the case under the more appropriate 42 U.S.C. § 1983 standard because Zacharias alleges conduct by local prison employees. *See Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990).

inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Zacharias filed a motion to proceed in forma pauperis. Doc. 2. His prisoner trust account report shows his average monthly deposits to be $00.00 and his average monthly balance as $00.00. Doc. 3 at 1. Based on the information regarding Zacharias' prisoner trust account, the court grants Zacharias leave to proceed in form pauperis and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Zacharias must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Zacharias's institution. Zacharias remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## FACTUAL BACKGROUND

Zacharias claims that South Dakota State Penitentiary staff and officers violated his Eighth Amendment rights when they required him to clean up blood from another "Inmate Who Killed Himself in [Zacharias'] cell[.]" Doc. 1 at 4 (capitalization in original). He also claims that Jason Mills, the West Hall Unit Coordinator, gives Zacharias "a Bad Attitude" and "He is not Doing his Job Right." *Id.* (capitalization in original). Zacharias alleges that the Health Services Staff at the Department of Corrections are not doing their job right. *Id.* at 2, 4. He asserts that Warden Teresa Bittinger "is not Answering [his] kites." *Id.* at 4 (capitalization in original).

Zacharias brings claims for violation of the prohibition against cruel and unusual punishment provided under the Eighth Amendment because he "could Have Got Sick from The Blood in the Cell[.]" *Id.* at 1 (capitalization in original). He sues Bittinger and Mills in their individual capacity. *Id.* at 2. The Health Services Staff as part of the Department of Corrections is also named as a defendant. *Id.* Zacharias seeks relief "To Get [his] Crime Dropped And to Let [him] Out Of Prison." *Id.* at 7 (capitalization in original). He also seeks $3,500,000.00 in damages to "Get Home to [his] family Because They Are In Poor Health[.]" *Id.* (capitalization in original); Doc. 6 at 1.

## LEGAL BACKGROUND

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be

3

liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Hoeft alleges violations of the United States Constitution. The Court will now assess each individual claim under 28 U.S.C. § 1915A.

## DISCUSSION

### I. Claims Against Bittinger and Mills

Zacharias brings claims against Bittinger and Mills, both employees of the South Dakota State Penitentiary, in their individual capacity. Doc. 1 at 2.

Under *Ashcroft v. Iqbal*, the United States Supreme Court identified that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. 662, 676 (1937). "Alleging that a defendant was personally involved in violating a plaintiff's constitutional rights is, therefore, an essential element in a § 1983 action." *Sedlmeier v. S.D. State Penitentiary Health Servs.*, No. CIV. 13-4136-KES, 2014 WL 3969057, at *2, 2014 U.S. Dist. LEXIS 111797, at *5 (D.S.D. Aug. 13, 2014) (citing *Furgeson v. Bisbee*, 932 F. Supp. 1185, 1188 (D.S.D. 1996)).

Plaintiff does not allege any particular Defendant took any specific action that would violate his civil rights. *See* Doc. 1 at 2, 4. Plaintiff's failure to explain how any of the named Defendants' actions violated his Eighth Amendment rights results in the complaint being insufficient to establish that any of the Bittinger's or Mills' conduct included an element of cruel and unusual punishment. While the allegation might be an Eighth Amendment violation, Plaintiff does not allege that any defendants were personally involved in the alleged violation. *See id.* Thus, Zacharias's individual claims against Bittinger and Mills are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

### II. Claim Against Health Services Staff

Zacharias names Health Services Staff as a defendant, alleging Health Services Staff violated his Eighth Amendment rights by requiring him to clean up another inmate's blood in

Zacharias' cell. *Id.* at 1, 2. He identifies that health Services Staff is a subdivision of the Department of Corrections. *See id.* at 2. The Eight Circuit Court of Appeals held that departments or subdivisions of government "are not juridical entities suable as such." *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Health Services Staff is a subdivision of the Department of Corrections and cannot be sued under § 1983. Therefore, Health Services Staff is dismissed as a defendant and Zacharias' claim against Health Services Staff is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III. Strike Under 28 U.S.C. § 1915(g)

The court finds that Zacharias' complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Therefore, this dismissal constitutes a strike against Zacharias.

Accordingly, it is ORDERED

1. That Zacharias' motion to proceed in forma pauperis (Doc. 2) is granted.

2. That the institution having custody of Zacharias is directed that whenever the amount in Zacharias' trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Zacharias's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid.

3. That Zacharias' claims against Bittinger and Mills are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

4.  That Health Services Staff is dismissed as a defendant and that Zacharias' claim against Health Services Staff be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

5.  That Zacharias' claim constitutes a strike against him under 28 U.S.C. § 1915(g).

6.  That Zacharias' motion to appoint counsel (Doc. 4) is denied as moot.

7.  That Zacharias' motion to meet in person or for video call (Doc. 7) is denied as moot.

DATED August 16, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK